UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **PARISH OF ST. MARY, CITY OF FRANKLIN, CITY OF NEW IBERIA, AND JOHNNY GIBSON** | CIVIL ACTION NO.: |
| | SECTION: |
| **v.** | JUDGE: |
| **LUMEN TECHNOLOGIES, INC. AND AT&T INC.** | MAGISTRATE JUDGE: |

### DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1442, and 1446, Defendants AT&T Inc. and Lumen Technologies, Inc. (collectively, "Defendants"), by and through their undersigned counsel, hereby give notice of the removal of this action from the 16th Judicial District Court for the Parish of St. Mary, State of Louisiana to the United States District Court for the Western District of Louisiana, Lafayette Division.  As grounds for removal, Defendants state as follows:

### BACKGROUND

1. Plaintiffs commenced this action on July 9, 2024 by filing their Class Action Petition in the 16th Judicial District Court for the Parish of St. Mary, State of Louisiana.  *See* Ex. A ("Petition" or "Pet.").  AT&T was served on July 22, 2024, and Lumen was served on July 23, 2024.  This Notice of Removal ("Notice") is timely filed pursuant to 28 U.S.C. § 1446(b) because Defendants filed this Notice within thirty (30) days of being served with the Petition.

2. Plaintiffs the Parish of St. Mary, the City of Franklin, the City of New Iberia, and Johnny Gibson allege that they are citizens of the State of Louisiana.  Pet. ¶¶ 1–4.

3. Defendant AT&T Inc. is a Delaware corporation with its principal place of business in the State of Texas and is therefore deemed to be a citizen of the State of Delaware and the State of Texas pursuant to 28 U.S.C. § 1332(c).

4. Defendant Lumen Technologies, Inc. is a Louisiana corporation with its principal place of business in the State of Louisiana and is therefore deemed to be a citizen of the State of Louisiana pursuant to 28 U.S.C. § 1332(c).

5. Plaintiffs allege that Defendants "laid lead-wrapped cables between the late 1800s and the 1960s as they built out telephone service across the U.S." Pet. ¶ 13.

6. Plaintiffs allege that Defendants have "left these cables in place." *Id.* ¶ 15.

7. Plaintiffs allege that "[t]he cables are a source of significant environmental damage" to Plaintiffs' and putative class members' properties and that "lead has dissipated into the soil and underground water on the properties." *Id.* ¶¶ 25–26.

8. Plaintiffs seek recovery on behalf of themselves and seek to represent a putative class that includes "[a]ll parishes, municipalities, and citizens owning properties in the State of Louisiana, with abandoned lead-wrapped telecommunications cables laid, owned, or operated by Defendants AT&T Inc. and/or Lumen Technologies Inc. or their predecessors in interest." *Id.* ¶ 39. Plaintiffs allege no temporal limitation on their putative class.

9. On December 12, 2023, a related class action was filed against Defendants in the 16th Judicial District Court for the Parish of St. Mary, State of Louisiana, alleging various tort and servitude-based claims stemming from Defendants' alleged abandonment of lead-covered cables in Louisiana and harm to property and human health allegedly caused by the cables. *Blum v. AT&T Corp*, No. 137935 (La. Dist. Ct.). That case was subsequently removed to the United States District for the Western District of Louisiana. *Blum v. AT&T Corp*, 6:23-cv-1748 (W.D. La.).

10. The declaration of Jay Besch, Senior Manager in Engineering & Planning Systems Support at Lumen ("Besch Declaration"), which was publicly filed on March 1, 2024 in *Blum v. AT&T Corp*, 6:23-cv-1748 (W.D. La.), is attached as Exhibit D.

11. The Besch Declaration states that "Lumen does not, and has not, owned or operated lead-sheathed network cables in Louisiana." Ex. D, Besch Declaration ¶ 19.

12. The Besch Declaration further states, on August 3, 2021, "Lumen sold the entirety of its Louisiana facilities-based incumbent local exchange carrier (ILEC) business to Connect Holding LLC," which included non-lead cables Lumen historically owned in Louisiana, meaning "Lumen no longer owns or operates any local telecommunication network cables within Louisiana." *Id.* ¶¶ 3, 6. The "only remaining network cables that Lumen owns or operates in Louisiana are part of its national network and were constructed with optical glass fiber." *Id.* ¶ 7. The sale of "Lumen's physical network assets throughout Louisiana" included "all corresponding historic liabilities." *Id.* ¶ 4.

## BASES FOR REMOVAL

### *Class Action Fairness Act*

13. The Court has jurisdiction under the Class Action Fairness Act ("CAFA").

14. Congress enacted CAFA to "ensur[e] 'Federal court consideration of interstate cases of national importance.'" *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 594 (2013) (citation omitted). Under CAFA, this Court has original jurisdiction over any civil action where: (1) any class member is a citizen of a state different from any defendant (*i.e.*, minimal diversity of citizenship); (2) the proposed class consists of at least 100 members; and (3) the aggregate amount in controversy exceeds $5,000,000. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), (d)(6). The requirements for this Court's exercise of original jurisdiction are met here, and thus this action is properly removed. *See id.* § 1453(b).

15. First, there is minimal diversity of citizenship within the meaning of CAFA. The named Plaintiffs allege that they are citizens of Louisiana, Pet. ¶¶ 1–4, and seek to represent a class

of persons "owning properties in the State of Louisiana," *id.* ¶ 39, but one Defendant, AT&T Inc., is not a citizen of Louisiana. AT&T Inc. is a citizen of Delaware and Texas.

16. Second, Plaintiffs allege that Defendants "laid lead-wrapped cables between the late 1800s and the 1960s" and have engaged in "widespread use and abandonment of lead-wrapped cables throughout Louisiana," which implicates properties across the state. Pet. ¶¶ 13, 41; *see also* ¶ 20 ("Starting in the 1930s, Southern Bell began laying miles of lead cables in and around Bayou Teche."). Plaintiffs further seek to certify a class of "[a]ll parishes, municipalities, *and citizens owning properties in the State of Louisiana, with abandoned lead-wrapped telecommunications cables* laid, owned, or operated by Defendants AT&T Inc. and/or Lumen Technologies Inc. or their predecessors in interest." Pet. ¶ 39 (emphasis added). The putative class therefore contains *at least* 100 class members, given the breadth of these allegations. *See* 28 U.S.C. § 1332(d)(5)(B).

17. Third, the amount in controversy exceeds $5,000,000. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). Here, Plaintiffs allege "widespread" use of lead cables by Defendants that has damaged properties "throughout Louisiana." Pet. ¶ 41. For each such property, Plaintiffs seek, *inter alia*: (a) restoration damages to restore the properties to their original state, including, but not limited to, (i) the loss of market value of the properties, (ii) the loss of fair rental value of the properties, and (iii) the cost of repairs of the properties; (b) response costs and additional money damages equal to the cost to conduct a comprehensive and expedited environmental assessment of all pollution, including that not yet identified, on the properties; (c) stigma damages for the diminution in value of the polluted properties, which will continue even after complete restoration cleanup; (d) damages for loss of quiet enjoyment of the properties and potential liability to third persons as a result of Defendants' alleged pollution, and other economic, personal, and aesthetic

consequences, and related mental distress and anguish; (e) punitive damages to compensate for Defendants' alleged wanton and reckless disregard for public safety, between September 1, 1984, and April 16, 1996; (f) a mandatory injunction requiring Defendants to effect a comprehensive assessment of the groundwater and soil and complete restoration of the properties to their original, uncontaminated condition, including through removal of the cables; (g) a prohibitory injunction preventing Defendants from further engaging in conduct allegedly contributing to the migration of pollution into the groundwater and soil on the properties; (h) all costs and reasonable and necessary attorney's fees incurred in this action, including on appeal, together with interest on all sums awarded at the highest rate permitted by law; and (i) all such other relief, both general and special, at law or in equity, to which Plaintiffs may show themselves justly entitled. Even assuming (conservatively, relative to the allegations) that only 1,000 properties are at issue, relief valued at an average of only $5,000 per property is sufficient to satisfy CAFA's amount-in-controversy requirement. For that reason alone, it is facially apparent from the Petition that the amount in controversy exceeds $5,000,000.

### *Diversity Jurisdiction / Improper Joinder*

18. This Court also has diversity jurisdiction under 28 U.S.C. § 1332, which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" if the action is between, among other things, "citizens of different [s]tates." 28 U.S.C. § 1332(a). Those elements are satisfied here.

19. First, the amount in controversy exceeds $75,000. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 88. This "jurisdictional amount is satisfied when the potential recovery (including attorney's fees when appropriate) of only one plaintiff exceeds [the $75,000] threshold." *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 873 (5th

Cir. 2002); *see In re Abbott Lab'ys*, 51 F.3d 524, 529 (5th Cir. 1995) ("[U]nder § 1367 a district court can exercise supplemental jurisdiction over members of a class, although they did not meet the amount-in-controversy requirement, as did the class representatives."). Here, Plaintiffs seek, *inter alia*: (a) restoration damages to restore the properties to their original state, including, but not limited to, (i) the loss of market value of the properties, (ii) the loss of fair rental value of the properties, and (iii) the cost of repairs of the properties; (b) response costs and additional money damages equal to the cost to conduct a comprehensive and expedited environmental assessment of all pollution, including that not yet identified, on the properties; (c) stigma damages for the diminution in value of the polluted properties, which will continue even after complete restoration cleanup; (d) damages for loss of quiet enjoyment of the properties and potential liability to third persons as a result of Defendants' alleged pollution, and other economic, personal, and aesthetic consequences, and related mental distress and anguish; (e) punitive damages to compensate for Defendants' alleged wanton and reckless disregard for public safety, between September 1, 1984, and April 16, 1996; (f) a mandatory injunction requiring Defendants to effect a comprehensive assessment of the groundwater and soil and complete restoration of the properties to their original, uncontaminated condition, including through removal of the cables; (g) a prohibitory injunction preventing Defendants from further engaging in conduct allegedly contributing to the migration of pollution into the groundwater and soil on the properties; (h) all costs and reasonable and necessary attorney's fees incurred in this action, including on appeal, together with interest on all sums awarded at the highest rate permitted by law; and (i) all such other relief, both general and special, at law or in equity, to which Plaintiffs may show themselves justly entitled. It is facially apparent from the Petition that the relief sought with respect to at least one named Plaintiff satisfies the $75,000 amount-in-controversy threshold.

20. Second, complete diversity exists. The named Plaintiffs allege that they are citizens of Louisiana. Pet. ¶¶ 1–4. Defendant AT&T Inc. is a Delaware corporation with its principal place of business in the State of Texas and is therefore deemed to be a citizen of the State of Delaware and the State of Texas pursuant to 28 U.S.C. § 1332(c). Therefore, complete diversity exists between Plaintiffs and AT&T Inc.

21. Defendant Lumen Technologies, Inc. is a Louisiana corporation with its principal place of business in the State of Louisiana and is therefore deemed to be a citizen of the State of Louisiana pursuant to 28 U.S.C. § 1332(c). However, because Lumen was "improperly joined," Lumen's "citizenship is to be disregarded for purposes of determining diversity jurisdiction." *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 817 (5th Cir. 1993). A defendant has been improperly joined when "there is no possibility that plaintiffs can recover against" the in-state defendant. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 316 (5th Cir. 2002). The relevant inquiry is whether there is a "reasonable possibility—not merely a theoretical one—that the plaintiff can establish a claim." *Id.* at 328. In making that inquiry, the Court is not limited to the allegations in the pleadings, but may also consider outside evidence, including sworn testimony. *Flagg v. Stryker Corp.*, 819 F.3d 132, 136-37 & n.12 (5th Cir. 2016) (en banc).

22. Plaintiffs' claims against Lumen are based on the incorrect allegation that Lumen has "laid lead-wrapped cables" throughout Louisiana and "left these cables in place." Pet. ¶¶ 13, 15, 41. Plaintiffs further seek relief on behalf of a putative class of all persons "owning properties in the State of Louisiana" who allegedly have suffered "severe environmental damage to soil and groundwater caused by Defendants' installation and subsequent abandonment of lead-wrapped telecommunications cables" on or adjacent to their properties. *Id.* at 1, ¶ 39.

23. However, the Besch Declaration states that "Lumen does not, and has not, owned or operated lead-sheathed cables in Louisiana." Ex. D ¶ 19. The Besch Declaration further states,

7

on August 3, 2021, Lumen sold its Louisiana facilities-based incumbent local exchange carrier business and associated liabilities, which included non-lead cables Lumen historically owned in Louisiana, meaning that the only remaining network cables that Lumen owns or operates in Louisiana are part of its national network and were constructed with optical glass fiber. *Id*. ¶¶ 3–7. Because there is no "reasonable possibility" that Plaintiffs could prove their claims against Lumen, Lumen was improperly joined. *Great Plains Tr. Co.*, 313 F.3d at 328; *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995); *see also Rich Land Seed Co., Inc. v. Memphis Light Gas & Water*, No. 3:21-CV-01865, 2022 WL 495913, at *5 (W.D. La. Feb. 2, 2022) ("Thus, '[a] mere theoretical possibility of recovery under local law will not preclude a finding of improper joinder.'").

24. Lumen's Louisiana citizenship should therefore be disregarded, and federal diversity jurisdiction exists.

*Federal Officer Removal*

25. Independent of CAFA, the Court also has jurisdiction pursuant to 28 U.S.C. § 1442(a), which allows federal officers and "any person acting under that officer" to remove a "civil action . . . that is commenced in a State court."[1] "Unlike the general removal statute, the federal officer removal statute is to be broadly construed in favor of a federal forum." *Williams v. Lockheed Martin Corp.*, 990 F.3d 852, 859 (5th Cir. 2021) (citation and internal quotation marks omitted). A defendant must meet four requirements to remove a case under § 1442(a):

(i) The defendant is a "person" within the meaning of the statute;

(ii) The plaintiff's claims are based upon the defendant's conduct "acting under" the United States, its agencies, or its officers;

---

[1] "[I]t is settled that the filing of a petition for removal by a single federal officer removes the entire case to the federal court." *Fowler v. Southern Bell Tel. & Tel. Co.*, 343 F.2d 150, 152 (5th Cir. 1965).

      (iii)    The plaintiff's claims are "for, or relating to" an act under color of federal office; and

      (iv)    The defendant "raises a colorable federal defense to the plaintiff's claims."

*Id.* All four elements are satisfied here.

26.    First, AT&T Inc. constitutes a legal person for purposes of the removal statute. *Id.* (recognizing that Lockheed Martin "is in legal fact, a person").

27.    Second, a contractor working pursuant to a federal contract "to produce an item the government needed . . . and that the government otherwise would have been forced to produce on its own" is an "archetypal case" of a defendant "acting under" the United States or its officers. *Id.*; *see also Papp v. Fore-Kast Sales Co., Inc.*, 842 F.3d 805, 812 (3d Cir. 2016); *Broussard v. Huntington Ingalls, Inc.*, 2020 WL 2744583, at *5 (E.D. La. May 27, 2020) ("Under this standard, numerous courts have found that the requirement is satisfied where a plaintiff's allegations are directed at a private entity's actions undertaken while executing a contractual duty to produce an item for the federal government which, absent a contract with a private firm, the government would have been forced to produce on its own.").

28.    Third, Plaintiffs' claims are "for, or related to" the work as a government contractor, conducted under color of federal office, performed by entities within AT&T Inc.'s corporate family or their predecessors. Plaintiffs allege that they have been harmed by the presence of legacy telecommunications cables containing lead on or adjacent to their property and seek injunctive relief and damages related to lead-containing telecommunications cables on or adjacent to any class member's property. *See* Pet., Prayer for Relief.

29.    The Supreme Court has been clear that the government contractor defense applies "when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers

9

in the use of the equipment that were known to the supplier but not to the United States." *Boyle v. United Techs.*, 487 U.S. 500, 512 (1988). The purpose of this factor is to "assure that the design feature in question was considered by a Government officer, and not merely by the contractor itself." *Id.* Prior to 1965, Department of Defense specifications required the use of lead sheathing on telecommunications cables and detailed the required purity, thickness, and diameter of the lead sheathing for such cables. Pursuant to a 1937 nationwide agreement between the American Telephone and Telegraph Company and the War Department, entities within AT&T Inc.'s corporate family or their predecessors installed trunk line facilities to connect to all military facilities and provided additional specialized services for the installation, alteration, and repair of Department of Defense owned telephone systems. For example, in 1942, the U.S. Army requested that American Telephone & Telegraph Company install extensions of the Army Full Period Telephone Network in Louisiana between Baton Rouge and New Orleans, and between New Orleans and Alexandria. This would encompass the extension of lines to military installations in Louisiana, including Fort Polk/Johnson and Barksdale Air Force Base. Moreover, the potential hazards associated with the improper handling of lead were well known to the government by 1965. Thus, to the extent Plaintiffs' claims are based upon the presence of lead in legacy telecommunications cables, and entities within AT&T Inc.'s corporate family or their predecessors installed such cables at the behest of the Department of Defense, Plaintiffs' claims are "related to" their work as a government contractor.

30. Finally, a party need not "win [its] case before [it] can have the case removed." *Williams*, 990 F.3d at 861. "At the removal stage, [a party] need[] only show that [its] asserted *Boyle* defense [is] colorable, which is to say that the defense [is] legitimate and could reasonably be asserted, given the facts presented and the current law." *Id.* (internal quotation marks omitted); *see also Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296-97 (5th Cir. 2020) ("To be

'colorable,' the asserted federal defense need not be 'clearly sustainable,' as section 1442 does not require a federal official or person acting under him 'to win his case before he can have it removed. Instead, an asserted federal defense is colorable unless it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or 'wholly insubstantial and frivolous.'") (citations omitted). Here, AT&T Inc. can raise a colorable defense that installation by entities within AT&T Inc.'s corporate family or their predecessors of telecommunications cables pursuant to Department of Defense specifications requiring lead sheathed cable precludes any liability.

## NOTICE TO THE STATE COURT

31.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice is being served on all adverse parties and filed with the 16th Judicial District Court for the Parish of St. Mary, State of Louisiana, where this case was originally filed. The notice in the state action will be in the form of the Notice of Filing of Notice of Removal, attached hereto as Exhibit C.

## STATE COURT PLEADINGS PROVIDED

32.     Pursuant to 28 U.S.C. § 1446(a), Defendants attach here as Exhibit B a copy of the Summons and as Exhibit A a copy of the Class Action Petition, the only process, pleading, or order served in the state court action.

## VENUE

33.     This is the appropriate Court for removal because the state court in which the action was commenced, the 16th Judicial District Court for the Parish of St. Mary, State of Louisiana, is located within the Western District of Louisiana, Division of Lafayette.  28 U.S.C. § 1446(a).

## RESERVATION

34.     Nothing in this Notice shall be interpreted as a waiver or relinquishment of any right to assert any and all defenses or objections to Plaintiffs' Petition, including but not limited to Plaintiffs' prayer for relief and class allegations. Defendants deny that the claims in the Petition

11

have merit. Defendants further submit this Notice of Removal without waiving and expressly preserving their right to challenge personal jurisdiction in this action.

## **CONCLUSION**

35. Based on the above, this Court has jurisdiction over this action and removal is proper.

DATED: July 26, 2024                    Respectfully submitted,

                                                  By: /s/ Adam B. Zuckerman

Adam B. Zuckerman (#25943)
Lauren Brink Adams (#37052)
William E. Wildman, III (#40995)
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
azuckerman@bakerdonelson.com
lbrink@bakerdonelson.com
wwildman@bakerdonelson.com

Hariklia Karis (*pro hac vice forthcoming*)
Email: hkaris@kirkland.com
Robert B. Ellis (*pro hac vice forthcoming*)
Email: rellis@kirkland.com
Mark J. Nomellini (*pro hac vice forthcoming*)
Email: mnomellini@kirkland.com
**KIRKLAND & ELLIS LLP**
333 W. Wolf Point
Chicago, IL 60654
Telephone: (312) 862-2000

Jon David Kelley (*pro hac vice forthcoming*)
Email: jon.kelley@kirkland.com
**KIRKLAND & ELLIS LLP**
4550 Travis Street
Dallas, TX 75205

*Attorneys for AT&T Inc.*


DATED: July 26, 2024                    By: /s/ Loulan J. Pitre, Jr.

Loulan J. Pitre, Jr. (La. Bar No. 17749)
Email: loulan.pitre@kellyhart.com
Jane A. Jackson (La. Bar No. 33197)
Email: jane.jackson@kellyhart.com
KELLY HART PITRE
400 Poydras Street, Suite 1812
New Orleans, LA 70130
Telephone: (504) 522-1812
Facsimile: (504) 522-1813

13

Adam K. Levin (*pro hac vice forthcoming*)
Email: adam.levin@hoganlovells.com
Lee C. Rarrick (*pro hac vice forthcoming*)
Email: lee.rarrick@hoganlovells.com
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004-1109
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

Megan R. Nishikawa (*pro hac vice forthcoming*)
Email: megan.nishikawa@hoganlovells.com
HOGAN LOVELLS US LLP
4 Embarcadero Center, Suite 3500
San Francisco, CA 94111
Telephone: (415) 374-2300
Facsimile: (415) 374-2499

*Attorneys for Lumen Technologies, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on July 26, 2024, I served a copy of the foregoing Notice of Removal by depositing a copy in the United States mail in a properly addressed envelope with adequate postage thereon addressed to the following:

| | |
|---|---|
| Korey A. Nelson<br>Amanda K. Klevorn<br>Natalie R. Earles<br>Logan M. Fontenot<br>BURNS CHAREST LLP<br>365 Canal Street, Suite 1170<br>New Orleans, Louisiana 70130<br>Telephone: (504) 799-2845<br>Facsimile: (504) 881-1765<br>Email: knelson@burnscharest.com<br>Email: aklevorn@ burnscharest.com<br>Email: nearles@ burnscharest.com<br>Email: lfontenot@ burnscharest.com | *Attorneys for Plaintiffs* |
| Barry J. Sallinger<br>BARRY SALLINGER, APLC<br>820 East St. Mary Boulevard<br>Lafayette, LA 70503<br>Telephone: (337) 235-5791<br>Facsimile: (337) 235-1067<br>Email: bjs@sallingerlaw.com | *Attorney for Plaintiffs* |
| Robert C. Vines<br>ROBERT C. VINES, APLC<br>717 Rue de Lion<br>New Iberia, Louisiana 70563<br>Telephone: (337) 534-0056<br>Email: leftyvines@gmail.com | *Attorney for Plaintiffs* |

DATED: July 26, 2024                        /s/ Adam B. Zuckerman
                                                             Adam B. Zuckerman (#25943)